IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH E. TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 16-337-SLR |
| ) | |
| G.R. JOHNSON, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

Joseph E. Taylor. Pro se petitioner.

Kathryn Joy Garrison, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

June 19, 2017
Wilmington, Delaware

ROBINSON, Senior District Judge

## I. INTRODUCTION

Petitioner Joseph E. Taylor ("petitioner") filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 3) The State filed an answer in opposition. (D.I. 12) For the reasons that follow, the court will deny the application in its entirety.

## II. BACKGROUND

The facts leading up to petitioner's arrest and conviction are as follows:

> After his arrest in March 2013 on several drug charges, [petitioner] was indicted in Cr. ID No. 1303012813 with four offenses: Aggravated Drug Dealing, Aggravated Possession of Marijuana, and two counts of Possession of Drug Paraphernalia. The [] State of Delaware moved to declare [petitioner] a habitual offender in that case.
>
> In October 2013, [petitioner] was arrested on new drug charges. In the information that followed in Cr. ID No. 1310008424, [petitioner] was charged with three offenses: Aggravated Drug Dealing, Aggravated Possession of Marijuana, and Possession of Drug Paraphernalia.
>
> On November 6, 2013, under a consolidated plea agreement, [petitioner] pled guilty to two counts of Aggravated Drug Dealing, one count from Cr. ID No. 1303012813 and the other count from Cr. ID No. 1310008424. Also, in Cr. ID No. 1303012813, [petitioner] agreed to be sentenced as a habitual offender under title 11, section 4214(a) of the Delaware Code (hereinafter "section 4214(a)").[1]
>
> [Petitioner] was immediately sentenced, on November 6, 2013, in accordance with the plea agreement. For Aggravated Drug Dealing in Cr. ID No. 1303012813, [petitioner] was sentenced, under section 4214(a), to five years at Level V and to complete the Key or long term Greentree program. For Aggravated Drug Dealing in Cr. ID No. 1310008424, he was sentenced to fifteen years at Level V suspended after completion of the aforementioned Key/Greentree program(s), followed by decreasing levels of supervision. Also, the sentence included a provision that allowed [petitioner] to report to the Sussex Correctional Institution six days later, on November 12, 2013, to begin serving the sentence.

> On November 26, 2013, the Superior Court issued a capias after [petitioner] failed to report to the Sussex Correctional Institution on November 12, 2013 to begin serving the sentence. The capias was returned on June 6, 2014, and a violation of probation (VOP) hearing was scheduled.
>
> At the VOP hearing on June 18, 2014, the Superior Court adjudged [petitioner] guilty of VOP and sentenced him as follows. For Aggravated Drug Dealing in Cr. ID No. 1303012813, [petitioner] was sentenced to five years at Level V under section 4214(a), and for Aggravated Drug Dealing in Cr. ID No. 1310008424, he was sentenced to fifteen years at Level V suspended after five years and successful completion of the Key program for one year at Level IV residential substance abuse treatment, followed by eighteen months at Level III aftercare.

*Taylor v. State*, 105 A.3d 990 (Table), 2014 WL 7009960, at *1 (Del. Nov. 12, 2014).

Petitioner appealed his VOP sentence and conviction. On August 14, 2014, while his appeal was pending in the Delaware Supreme Court, petitioner filed a motion for modification of sentence in the Superior Court. (D.I. 12 at 2) The Superior Court notified petitioner that it did not have jurisdiction to consider the motion for sentence modification while his appeal was pending, and informed petitioner that he would need to refile the motion after the appeal was decided. *Id*. The Delaware Supreme Court affirmed petitioner's VOP conviction and sentence on November 12, 2014. *See Taylor*, 2014 WL 7009960, at *2.

On December 10, 2014, petitioner filed a new motion for modification of his VOP sentence in the Superior Court. The Superior Court denied the motion on December 17, 2014. (D.I. 12 at 2) Petitioner did not appeal that decision.

On December 31, 2014, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court summarily dismissed the Rule 61 motion as time- barred, and the Delaware

2

Supreme Court affirmed that decision on December 21, 2015. *See Taylor v. State*, 129 A.3d 230 (Table), 2015 WL 7746733, at *1 (Del. Nov. 30, 2015).

Thereafter, petitioner filed in this court the instant pending application for habeas relief. The application asserts three grounds for relief: (1) the Superior Court erroneously denied his Rule 61 motion as time-barred (D.I. 3 at 5); (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose ongoing governmental misconduct at the Office of the Chief Medical Examiner ("OCME") that was discovered in 2014, and this failure rendered his consolidated 2013 guilty plea involuntary (D.I. 3 at 7) ; and (3) defense counsel provided ineffective assistance during the plea process by failing to properly investigate the corruption of the employees at the OCME, which deprived petitioner of the ability to determine if he should enter a guilty plea or proceed to trial (D.I. 3 at 8).

The State filed an answer, asserting that the application should be denied in its entirety as time-barred or, alternatively, because the claims are procedurally barred or meritless. (D.I. 12)

## III. DISCUSSION

### A. Claim One: Not Cognizable

In claim one, petitioner contends that the Superior Court erroneously denied as time-barred the Rule 61 motion he filed on December 31, 2014. According to petitioner, the one-year deadline for filing his Rule 61 motion expired on June 18, 2015, which demonstrates that his Rule 61 motion was timely filed.

3

As a threshold matter, federal habeas relief is not available for errors of state law. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's ultimate criticism in claim one is with the Superior Court's analysis in his state collateral proceeding rather than a challenge to his underlying 2013 guilty plea. Therefore, the court will deny claim one because it asserts a state law error that is not cognizable on federal habeas review. See *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)(reiterating that federal habeas corpus relief does not lie for errors of state law); see also *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief").[1]

### B. Claims Two and Three: Time-Barred

In February 2014, the Delaware State Police and the Department of Justice began an investigation into a drug evidence scandal in the OCME. See *Brown v. State*, 108 A.3d 1201, 1204 (Del. 2015). In June 2014, they issued a preliminary report regarding the "systemic operational failings of the [Controlled Substances Unit of the DME's Office]" revealing "51 pieces of potentially compromised evidence at the CSU, stemming from 46 cases between 2010 and 2013." *Biden: Investigation of State Medical Examiner's Drug Lab Reveals Systemic Failings, Urgent Need for Reform*, Dep't of Justice, Att'y Gen.'s Website (June 19, 2014), http://news.delaware.gov/.

In claim two, petitioner contends that the State's failure to disclose the OCME drug evidence scandal to him during the plea process in 2013 violated *Brady* and deprived him of his "right to confront." (D.I. 3 at 7) In claim three, petitioner contends

---

[1]Even if claim one presented a cognizable issue, the court would dismiss it as time-barred for the same reasons the court concludes claims two and three are time-barred.

that defense counsel provided ineffective assistance during the plea process by failing to properly investigate the OCME scandal, and that counsel's failure deprived petitioner of background facts necessary for him to determine if he should enter a plea or proceed to trial. (D.I. 3 at 8) Since these two claims challenge the validity of the plea leading to his incarceration, they are cognizable on federal habeas review. Nevertheless, for the reasons set forth below, the court concludes that claims two and three are time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. See Holland v. Florida, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner's application, which is dated May 2016, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336

5

(1997). Petitioner does not assert, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).[2] Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final after the expiration of the time allowed to seek direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced petitioner on November 6, 2013, and he did not appeal that decision.[3] (D.I. 15-3 at 2) Therefore, his judgment of conviction became final on

---

[2]To the extent petitioner's argument in claim two that the State violated *Brady* by failing to disclose the existence of the OCME drug evidence scandal until after his conviction in 2013 could be construed as an attempt to establish the revelation of the OCME drug evidence scandal as a "newly discovered" factual predicate triggering a later starting date of the limitations period under § 2244(d)(1)(D), it is unavailing. A violation of *Brady* occurs when the government fails to disclose evidence materially favorable to the accused, including both impeachment evidence and exculpatory evidence. *See United States v. Bagley*, 473 U.S. 667, 676 (1985). Therefore, in order to trigger a later starting date under § 2244(d)(1)(D) for his *Brady* claim, petitioner must show that, exercising due diligence, he could not have learned that the State suppressed information that the evidence in his case may have been part of the compromised drug evidence involved in the OCME scandal until February or June of 2014.

The fact that the Delaware State Police and the Department of Justice did not start investigating the handling of evidence at the OCME until February 2014, *see Brown*, 108 A.3d at 1204, indicates that the State was not aware of the possibility that any drug evidence had been mishandled by the OCME until 2014. Consequently, the State could not have concealed any potentially exculpatory or material impeachment evidence concerning any alleged mishandling of the drug evidence in petitioner's case by the OCME during the pendency of petitioner's case in 2013. In other words, the factual predicate underlying petitioner's *Brady* claim did not exist.

[3]During his VOP appeal in July 2014, petitioner asserted several claims challenging his November 6, 2013 guilty plea and sentence. The Delaware Supreme Court explained

6

December 6, 2013. Applying one year to that date, petitioner had until December 8, 2014 to timely file his petition.[4] *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Wilson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run).

Petitioner did not file the instant application until May 4, 2016,[5] approximately one year and five months after the expiration of the limitations period. Therefore, his habeas application is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts,

---

that, "[t]o whatever extent [petitioner's] claims arise from his November 6, 2013 guilty plea and sentence, the claims are procedurally improper in this appeal, which is limited to a review of [petitioner's] VOP conviction and sentence on June 18, 2014." *Taylor*, 2014 WL 7009960, at *2. In other words, petitioner's VOP appeal did not constitute a direct appeal of his guilty plea entered in 2013.

[4]The one-year period actually expired on December 7, 2014, which was a Sunday. Therefore, the limitations period extended through the end of the next business day, December 8, 2014. *See* Fed. R. Civ. Proc. 6(a)(1)(C).

[5]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts May 4, 2016, as the date of filing because that is the date petitioner signed the application.

7

including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). Notably, a state post-conviction motion that is rejected by a state court as untimely or for lack of jurisdiction is not "properly filed" for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)(untimely filed application for collateral relief does not trigger statutory tolling); *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006)(an application for collateral relief that has been denied as untimely or for lack of jurisdiction does not trigger statutory tolling). Additionally, a matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Petitioner filed his first motion for modification of sentence on August 14, 2014, while his VOP appeal was still pending. Consequently, the Superior Court denied the motion for lack of jurisdiction on August 29, 2014. (D.I. 15-11 at 2, Entry No. 19) In this situation, petitioner's first motion for sentence modification does not trigger statutory tolling for two reasons: (1) the dismissal for lack of jurisdiction demonstrates that the motion was not properly filed; and (2) the motion was filed and denied well before AEDPA's limitations period started to run on December 7, 2013.

When the limitations clock started to run on December 7, 2013, it ran without interruption until AEDPA's limitations period expired on December 8, 2014. Petitioner's second motion for modification of sentence (filed on December 10, 2014) and his Rule 61 motion (filed on December 31, 2014) have no statutory tolling effect, because they

8

were filed after the expiration of the limitations period. Accordingly, the application is time-barred, unless equitable tolling is available.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). With respect to the diligence requirement, the burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights;[6] equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). In turn, the Third Circuit has explained that extraordinary circumstances for equitable tolling purposes may be found where:

(1) the defendant actively misled the plaintiff;
(2) the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) the plaintiff timely asserted his rights mistakenly in the wrong forum.

See *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

In claim two, petitioner contends that the State violated *Brady* by failing to disclose the OCME drug evidence scandal to the defense during the plea process. (D.I. 3 at 7) To the extent petitioner's OCME drug evidence scandal/*Brady* violation

---

[6]See *Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

9

argument should be construed as an attempt to trigger equitable tolling at least through February 2014, the month in which the State initiated its investigation into the OCME drug scandal, the attempt is unavailing. There is no indication that the State knew about the general mishandling of drug evidence in the OCME that occurred in some cases while petitioner's case was pending in 2013. In turn, although petitioner raised the issue of the OCME drug evidence scandal in his VOP appeal filed on August 13, 2014, he provides no explanation as to why he waited until May 4, 2016 to file the instant application asserting this claim. Given these circumstances, petitioner cannot demonstrate that the OCME scandal, and/or the State's failure to inform him about the OCME scandal, actually prevented him from timely filing a petition seeking federal habeas relief.

Finally, to the extent petitioner's late filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the instant application as time-barred.[7]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a

---

[7]Having determined that the application is time-barred, the court will not address the State's alternate reason for denying the application.

"substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed, because claim one is not cognizable on federal habeas review, and all three claims are time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is dismissed. An appropriate order shall issue.